[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
In his single assignment of error, defendant-appellant Robert Laughlin challenges the manifest weight of the evidence adduced to support his conviction for domestic violence, following a trial to the Hamilton County Municipal Court.
Domestic violence is proscribed by R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The gravamen of Laughlin's argument is that the state failed to prove that he caused or attempted to cause physical harm to his wife — an essential element of the charged offense — but this calls into question the legal sufficiency of the evidence, rather than its weight. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541,546-547. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Id. at 386, 678 N.E.2d at 546.
Our review of the entire record certified to us fails to persuade us that the trial judge, acting as the trier of fact, clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 546-547. The victim testified that Laughlin choked her with both hands. Putting her in a headlock, Laughlin then leaned her over a staircase railing and asked her if she wanted to die. Laughlin denied these acts. The investigating police officer noted red marks on the victim's neck and took photographs of the marks. Laughlin offered other, innocent explanations for the presence of the red marks on his wife's neck. We note, however, that Laughlin, as the appellant urging reversal of the trial court's judgment, has failed to make the photographs part of the record transmitted for our review. Based upon this record, we cannot say that the trial court lost its way in determining the credibility of the witnesses. See id.; see, also, State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Moreover, the record reflects substantial, credible evidence from which the court could have reasonably concluded that all elements of the crime of domestic violence were proven beyond a reasonable doubt. State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.